

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 25, 1974

The Honorable James J. Kaster
Chairman
Intergovernmental Affairs Committee
House of Representatives
P.O. Box 2910
Austin, Texas 78767

Opinion No. H- 355

Re: Constitutionality of Art.
6951, V.T.C.S.

Dear Representative Kaster:

As Chairman of the House Intergovernmental Affairs Committee
you have requested our opinion as to the validity of Article 6951, Vernon's
Texas Civil Statutes, (Acts 1971, 62nd Leg., R.S., ch. 216, p. 1056.)

Section 1 of the Article reads:

> Section 1. The Commissioners Court of every
> county in this State, the governing body of each
> hospital district, and the governing body of each
> city in this State with a population of 10,000 or
> more, according to the last preceding federal census,
> shall establish and maintain a uniform system of
> accounting whereby adequate and accurate records
> are compiled setting forth all the expenditures made
> by the county, city, or hospital district in connection
> with any of its welfare assistance programs.

Section 2 provides that the Comptroller of Public Accounts, with
the assistance of the Department of Public Welfare and the State Auditor
shall develop and prescribe the uniform system. Section 3 requires
quarterly reports from the governmental bodies listed in Section 1

setting out all their expenditures in connection with welfare assistance programs. The report is to be on a form prepared by the Comptroller. Section 4 provides that the information generated by the reports will be kept and maintained by the Comptroller to be used by other state agencies.

Section 51-a of Article 3 of the Texas Constitution, the section generally authorizing welfare payments and saving them from other prohibitions of other sections against grants of public funds to individuals, specifically authorizes statutes such as Article 6951, supra.

> The Legislature shall have the power, by General Laws, to provide, subject to limitations herein contained, and such other limitations, restrictions and regulations as may by the Legislature be deemed expedient for assistance grants . . . .

Certainly it cannot be complained that Article 6951 is a special law in violation of Article 3, Section 56 of the Constitution. See Attorney General Opinion H-8 (1973) and authorities cited there. Nor do we think it any ground for complaint that there may be counties, hospital districts and cities covered by the act which have no reportable expenditures made in connection with a welfare assistance program. The filing by such entities of a negative report may furnish those interested with an important or useful statistic.

In short, we see no reason to hold that this is not a valid regulation ordered by the Legislature under its broad Constitutional powers to oversee welfare programs.

## SUMMARY

The requirements of Article 6951, V.T.C.S., that counties, hospital districts and certain cities

must adopt a uniform system of accounting and
make quarterly reports of expenditures made
for welfare programs are valid.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee